IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00642-WDM-PAC

FREDERICK A. PEOPLES,

    Plaintiff(s),

v.

OFFICER CASTRO,

    Defendant(s).

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

O. Edward Schlatter, United States Magistrate Judge

This is a *pro se* prisoner civil rights action under 42 U.S.C. §1983.  A June 26, 2006 Order of Reference referred this case to Patricia A. Coan to conduct pretrial proceedings and to issue recommendations for rulings on dispositive motions.  Defendant filed a Motion to Dismiss for Insufficient Process Pursuant to F.R.C.P. Rule 12(b)(4) on September 1, 2006 (Doc. #37).  The court ordered plaintiff to file his response on or before September 29, 2006.  *See* September 6, 2006 Minute Order (Doc. #39).  The September 6, 2006 Minute Order was sent to plaintiff at the Jefferson County Detention Center and was returned to the court with the notation "cannot locate." *See* Document No. 40.  On November 9, 2006, the court issued an Order Directing Plaintiff to Make Monthly Filing Fee Payment or to Show Cause (Doc. #41).  That Order was also sent to plaintiff at the Jefferson County Detention Center and was returned with the same notation on the envelope - "cannot locate."  (Doc. #42).

Plaintiff's last known address filed with the court is the Jefferson County Detention

Center, Prisoner No. 999149, P.O. Box 16700, Golden, CO, 80402.  *See* Minute Order filed May 18, 2006 (Doc. #8); *see, also,* Return Address on Doc. #27, filed July 24, 2006; July 17, 2006 Letter to the court referencing plaintiff's incarceration at the Jefferson County Detention Center (Doc. #23).

Under D.C.COLO.LCivR 10.1M, an attorney or *pro se* party is required to file a notification with the court within ten days of an address change.  Normally, the court would issue an order to the plaintiff to show cause why the plaintiff's case should not be dismissed for lack of prosecution or for failure to comply with local court rules before recommending dismissal on those grounds; however, issuance of such an order would be an exercise in futility in the present case.  Mr. Peoples bears the burden to advise the court of his present address.  Indeed, plaintiff has filed a change of address in the past and is apparently aware of his obligation to do so.  *See* Notice of Change of Address filed March 30, 2006 (Doc. #2).  The court thus construes plaintiff's failure to file a change of address in this case during the past three months as a failure to prosecute.  Accordingly, it is

**RECOMMENDED** that this action be **DISMISSED** under D.C.COLO.LCivR41.1 for plaintiff's failure to prosecute.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.  The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which**

**objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated December 14, 2006.

BY THE COURT:

s/ O. Edward Schlatter
O. EDWARD SCHLATTER
United States Magistrate Judge